**Stephen Theodore MITCHELL, Appellant,**

**Dorothy Barney, Plaintiff,**

**v.**

**CON EDISON, Defendant–Appellee.***

**No. 12–1834–cv.**

United States Court of Appeals, Second Circuit.

Aug. 30, 2013.

---

\* The Clerk of Court is directed to amend the

Stephen T. Mitchell, pro se, South Orange, NJ, for Appellant.

Barbara Jane Carey, Richard Levin, Consolidated, Edison Company of New York, Inc., New York, NY, for Appellee.

PRESENT: REENA RAGGI, GERARD E. LYNCH and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Stephen Theodore Mitchell, an attorney disbarred from practice in the state of New York, *see In re Mitchell,* 76 A.D.3d 269, 903 N.Y.S.2d 749 (2d Dep't 2010), appeals *pro se* from a judgment holding him in civil contempt and requiring him to pay a monetary sanction and attorneys' fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court.

We review for abuse of discretion the district court's decision to award attorneys' fees and impose sanctions for counsel's failure to obey discovery orders. *See Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 58 (2d Cir.2012); *Fonar Corp. v. Magnetic Resonance Plus, Inc.,* 128 F.3d 99, 101 (2d Cir.1997). "We review a finding of contempt under an abuse of discre-

official caption as shown above.

tion standard that is more rigorous than usual." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir.2010) (internal quotation marks omitted). Although a court "is ordinarily obligated to afford a special solicitude to pro se litigants," that rule does not apply where, as here, a person trained as a lawyer represents himself. *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir.2010).

After an independent review of the record and relevant case law, we affirm for substantially the reasons articulated by the district court in its detailed decision entered on March 16, 2012.

We have considered all of Mitchell's arguments not specifically addressed by the district court and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.